X. Young Lai, #275396
586 N. First Street, Suite 213 B
San Jose, CA 95112
TEL: (408)228-3995
FAX: (866)610-9505
gagelegal@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONGBAO YAN<br><br>Plaintiff<br><br>vs.<br><br>GENERAL POT, INC., a California Corporation,<br>DIANGUO WANG, an individual<br>DOES 1-10,<br><br>Defendants. | CASE NO. :<br><br>COMPLAINT<br><br>(1)     Failure to Pay Minimum Wage Under FLSA, 29 USC §§ 206, 216;<br>(2)     Failure to Pay Overtime Compensation Under FLSA, 29 USC §§ 207, 216;<br>(3)     Failure to Pay Minimum Wage Under Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197;  California Minimum Wage Order (MW-2007);<br>(4)     Failure to Pay Overtime Compensation Under Cal. Lab. Code §§1194, 510, 515;<br>(5)     Failure to Timely Pay Wages Due and Owning Upon Termination of Employment Under Cal. Lab. Code, §§ 201,202,203, 218.5;<br>(6)     Failure to Furnish Itemized Wage Statements Under Cal. Lab. Code §226;<br>(7)     Failure to Provide Rest and Meal Period Under Cal Lab. Code, §§ 226.7 and 512 and IWC ORDER 5-2001;<br>(8)     Unfair Competition Under CAL. UCL §§ 17200-17210<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

1

## JURISDICTION

1. This Court has federal question jurisdiction over Plaintiff's Fair Labor Standards Act (FLSA) claims pursuant to 28 USC § 1331, since this action is authorized and instituted pursuant to 29 USC § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

2. Venue is appropriate in this Court under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Alameda County, California. Plaintiff is and was at all times relevant herein a resident of Alameda County of California. The corporate Defendant GENERAL POT, INC. is a corporation incorporated under the laws of California with its principle place of business located at 43767 Boscell Road, City of Fremont, Alameda County, California. Plaintiff is informed and believes, and thereon alleges individual Defendant DIANGUO WANG is and was at all times relevant herein a resident of Alameda County of California. A substantial part of the events or omissions giving rise to the claims occurred in Alameda County, California. At all times relevant herein, Defendants employed Plaintiff at its Alameda County location and conducted regular, substantial, and sustained business activity in the State of California.

## FICTITIOUS NAMED DEFENDANTS AND ALTER EGO ALLEGATION

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 10, are unbeknownst to Plaintiff, who thereby sues these defendants by such fictitious names. Plaintiff will pray leave of this Court to amend this Complaint to allege their true names and capacities once ascertained. Plaintiff is informed and believes, and thereon alleges that each defendant designated herein is responsible in some actionable manner for the occurrences and injuries alleged herein.

4. At all times herein relevant, defendants, and each of them, were an owner, a co-

owner, an agent, representative, partner, and/or alter ego of its co-defendants, or otherwise acting on behalf of each and every remaining defendant and, in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, a co-owner, an agent, representative, partner, and/or alter ego of its co-defendants, with the full knowledge, permission and consent of each and every remaining defendant, each co-defendant having ratified the acts of the other co-defendants.

5. Plaintiff is informed and believes, and thereon alleges that each of the defendants named herein as Does 1 through 10, inclusive, were and are in some manner responsible for the actions, acts and omissions herein alleged, and for the damages caused by the defendants, and are, therefore, jointly and severally liable for the damages caused to Plaintiff.

6. Plaintiff is informed and believes, and thereon alleges that each of the defendants including Does 1 through 10, inclusive, were, at all times herein relevant, acting in concert with, and in conspiracy with, each and every one of the remaining defendants.

7. Wherever appearing in this Complaint, each and every reference to defendants or to any of them, is intended to be and shall be a reference to all defendants herein, and to each of them, named and unnamed, including all fictitiously named defendants, unless said reference is otherwise specifically qualified.

8. Plaintiff is informed and believes, and thereon alleges that each of the defendants, including all fictitiously named defendants (hereinafter collectively referred as "Defendant Shareholders") are, and at all times herein relevant were, shareholders of the stock and/or promoters of GENERAL POT, INC. and/or subscribers to stock therein. There exists, and at all times herein relevant existed, a unity of interest between Defendant Shareholders and GENERAL POT, INC. such that any individuality and separateness between the Defendant Shareholders and GENERAL POT, INC. has ceased, and GENERAL POT, INC. the alter ego of Defendant Shareholders as follows:

   a. Plaintiff alleges that GENERAL POT, INC. is, and all times herein relevant was, a mere shell and sham without capital, assets, stock or stockholders. GENERAL POT, INC. was conceived, intended, and used by Defendant Shareholders as a device to avoid

individual liability and for the purpose of substituting a financially insolvent corporation in the place of Defendant Shareholders. At no time after GENERAL POT, INC. became incorporated was any stock authorized to be issued or issued nor has any permit for issuance of stock applied for with the Commissioner of Corporations.

b.   Plaintiff alleges that GENERAL POT, INC. is, and at all times herein relevant was, so inadequately capitalized that, compared with the business to be done by GENERAL POT, INC. and the risks of loss attendant therein, their capitalization was illusory or trifling.

c.   Plaintiff alleges that GENERAL POT, INC. is, and at all times herein relevant was, the alter egos of Defendant Shareholders and there exists, and at all times herein relevant has existed, a unity of ownership between Defendant Shareholders and GENERAL POT, INC. such that any separateness has ceased to exist in that Defendant Shareholders used assets of GENERAL POT, INC. for personal use, caused assets of GENERAL POT, INC. to be transferred to them without adequate consideration, and withdrew funds from GENERAL POT, INC.'s bank accounts for their personal use.

d.   Plaintiff alleges that GENERAL POT, INC. is, and at all times relevant herein was, a mere shell, instrumentality and conduit through which Defendant Shareholders carried on their business in the name of GENERAL POT, INC. exactly as they conducted it previous to incorporation exercising complete control and dominance of such business to such an extent that any individuality or separateness of GENERAL POT, INC. and Defendant Shareholders does not now, and at any time herein relevant did not, exist.

e.   Plaintiff alleges that GENERAL POT, INC. is, and at all times herein relevant was, controlled, dominated, and operated by Defendant Shareholders as their individual business and alter ego, in that the activities and business of GENERAL POT, INC. was carried out without the holding of Directors or Shareholders meetings, no records or minutes of any corporate proceedings were maintained, and Defendant Shareholders entered into personal transactions with GENERAL POT, INC., without the approval of other directors or shareholders.

    f.     Plaintiff alleges that adherence to the fiction of separate existence of GENERAL POT, INC. as an entity distinct from Defendant Shareholders would permit abuse of the corporate privilege and would sanction fraud in that Defendant Shareholders caused funds to be withdrawn form GENERAL POT, INC. and distributed said funds without any consideration to GENERAL POT, INC., all for the purpose of avoiding and preventing attachment and execution by creditors, including Plaintiff, thereby render GENERAL POT, INC. insolvent and unable to meet its obligations.

    g.     Plaintiff alleges that adherence to the fiction of separate existence of GENERAL POT, INC. as an entity distinct from Defendant Shareholders would permit abuse of the corporate privilege and produce an inequitable result in that Defendant Shareholders represented to Plaintiff that said shareholders would be responsible for corporate obligations and the transaction complained of herein was entered into under the belief that Defendant Shareholders were, in reality, the true parties obligated.

    h.     Plaintiff alleges that adherence to the fiction of separate existence of GENERAL POT, INC. as an entity distinct from Defendant Shareholders would permit abuse of the corporate privilege and produce an inequitable result in that Defendant Shareholders guaranteed certain of GENERAL POT, INC.'s obligations, thereby enabling GENERAL POT, INC. to return to active business, without adequate financing and without capital stock, and to invite the public generally, and Plaintiff in particular, to deal with GENERAL POT, INC. to Plaintiff's loss as herein pleaded.

9.     As a result of the acts, and omissions complained of hereinabove, said Defendant Shareholders are jointly and severally liable, for all relief sought herein against GENERAL POT, INC. by Plaintiff.

**<u>FACTUAL ALLEGATIONS</u>**

10.    At all times relevant herein, Plaintiff was employed by Defendants as a full time non-exempt chef.

11.    At all times relevant herein, the corporate defendant GENERAL POT, INC., the individual defendant DIANGUO WANG and DOE defendants are the joint employers of

Plaintiff, and they controlled Plaintiff's work conditions, wages and hours, and they participated in and/or ratified the wrongful conduct alleged herein.

12. At all times relevant herein, Plaintiff generally worked 6 days a week with a day off on Tuesday.

13. From June 16, 2012 through November 30, 2012, Plaintiff worked (1) from 10:30 a.m. until 10:00 p.m. on Mondays and Wednesdays; (2) from 10:30 a.m. until 10:00 p.m. with a split-shift-break period taking place between 2:30 p.m. and 5:00 p.m. on Thursdays; (3) from 10:30 a.m. until 10:30 p.m. with a split-shift-break period taking place between 3:00 p.m. and 5:00 p.m. on Fridays and Saturdays, and (4) from 10:30 a.m. until 10:00 p.m. with a split-shift-break period taking place between 3:00 p.m. and 5:00 p.m. on Sundays. As such, he labored 61.5 hours per week.

14. From December 1, 2013 through April 23, 2014, Plaintiff worked (1) from 11:00 a.m. until 10:00 p.m. Mondays and Wednesdays; (2) from 11:00 a.m. until 10:00 p.m. with a split-shift-break period taking place between 3:00 p.m. and 5:00 p.m. on Thursdays, (3) from 11:00 a.m. until 10:30 p.m. with a split-shift-break period taking place between 3:30 p.m. and 5:00 p.m. on Fridays and Saturdays; and (4) from 11:00 a.m. until 10:00 p.m. with a split-shift-break period taking place between 3:30 p.m. and 5:00 p.m. on Sundays. As such, he labored 60.5 hours per week.

15. Plaintiff's net pay of monthly salary, as orally agreed upon, was $2,900, and it was increased to $3,000 on or about October 1, 2013. His wages were paid partially in cash and partially by check, with inaccurate itemized wage statements understating the gross wages earned. To be more specific, his gross wages shown on his semimonthly paychecks were $751.47 with a net pay of $640 after deduction.

16. From June 16, 2012 through September 30, 2013, he was semimonthly paid with a check of $640 and cash of $810; and from October 1, 2013 through April 23, 2014, with a check of $640 and cash of $860. As such, the gross salary per month were $3,122.82 from June 16, 2012 through September 30, 2013, and $3,222.82 from October 1, 2013 through April 23, 2014.

COMPLAINT

Case3:14-cv-03500-MEJ Document1 Filed08/03/14 Page7 of 12

1      17.     At no time during the term of his employment, Plaintiff was compensated for
2  overtime.
3      18.     At no time during the term of his employment, Plaintiff was authorized and
4  permitted at the rate of ten (10) minutes for every four (4) hours, or a meal period of not less than
5  thirty (30) minutes every five (5) hours.

**COUNT 1 – FAILURE TO PAY MINIMUM WAGE UNDER FLSA**

19.     Plaintiff re-alleges and incorporates by reference the allegations paragraphs 10 through 18 as though fully set forth herein.

20.     Pursuant to 29 USC § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: …not less than (A) $5.85 an hour, beginning on the 60th day after May 27, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day…[.]"

21.     Defendants violated this provision when they failed to pay Plaintiff at least minimum wages for all overtime hours worked.

22.     Pursuant to 29 USC § 206, Plaintiff is entitled to compensation for the unpaid minimum wages, in an amount to be determined at trial.  Pursuant to 29 USC § 216 (b), Plaintiff is also entitled to an equal amount as liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**COUNT 2 – FAILURE TO PAY OVERTIME COMPENSATION UNDER FLSA**

23.     Plaintiff re-alleges and incorporates by reference the allegations paragraphs 10 through 18 as though fully set forth herein.

24.     Pursuant to 29 USC § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times

COMPLAINT
7

the regular rate at which he is employed."

25. Defendants willfully violated these provisions when they failed to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, as required.

26. Pursuant to 29 USC § 207, Plaintiff is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial. Pursuant to 29 USC § 216(b), Plaintiff are also entitled to an equal amount as liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

## COUNT 3- FAILURE TO PAY MINIMUM WAGE UNDER CAL. LAB. CODES AND MW-2007

27. Plaintiff re-alleges and incorporates by reference the allegations paragraphs 10 through 18 as though fully set forth herein.

28. Pursuant to California Minimum Wage Order (MW-2007) and Cal. Lab. Code, § 1182.12, beginning January 1, 2008, the minimum wage in California is $8.00 per hour.

29. The payment of a less amount than the minimum wage is unlawful under Cal. Lab. Code, § 1197. Defendants willfully violated said provisions when they failed to pay Plaintiff at least minimum wages for all overtime hours worked.

30. Pursuant to Cal. Lab. Code §1194, Plaintiff is entitled to the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit. Pursuant to Cal. Lab. Code § 1194.2, Plaintiff is also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## COUNT 4- FAILURE TO PAY OVERTIME COMPENSATION UNDER CAL. LAB. CODE

31. Plaintiff re-alleges and incorporates by reference the allegations paragraphs 10 through 18 as though fully set forth herein.

32. Pursuant to Cal. Lab. Code § 510; Industrial Welfare Commission ("thereafter "IWC") Order 5-2001, Defendants were required to pay Plaintiff for any work in excess of eight

1  (8) hours in one workday and in excess of forty (40) hours in any one workweek at the rate of no
2  less than one and one-half (1-1/2) times their regular rate of pay, and any work in excess of twelve
3  (12) hours in one day and any work in excess of eight (8) hours on the seventh day of a workweek
4  at the rate of no less than twice their regular rate of pay.

5  33.  Cal. Lab. Code § 510 (d) (1)  provides: "[f]or the purpose of computing the
6  overtime rate of compensation required to be paid to a nonexempt full-time salaried employee,
7  the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

8  34.  Cal. Lab. Code § 510 (d) (2)  provides: "[p]ayment of a fixed salary to a
9  nonexempt employee shall be deemed to provide compensation only for the employee's regular,
10 nonovertime hours, notwithstanding any private agreement to the contrary."

11 35.  Defendants willfully violated the provision when they failed to compensate
12 Plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in
13 excess of 8 hours in one workday or 40 hours in one workweek, as required.

14 36.  Pursuant to Cal. Lab. Code §1194, Plaintiff is entitled to the unpaid balance of the
15 full amount of this overtime compensation, including interest thereon, reasonable attorney's fees,
16 and costs of suit.

17 **COUNT 5-FAILURE TO TIMELY PAY WAGES DUE AND OWING UPON**
18 **TERMINATION OF EMPLOYMENT UNDER CAL. LAB. CODE**

19 37.  Plaintiff re-alleges and incorporates by reference the allegations paragraphs 10
20 through 18 as though fully set forth herein.

21 38.  Pursuant to Cal. Lab. Code § 201, the wages earned and unpaid at the time of
22 discharge are due and payable immediately.  Pursuant to Cal. Lab. Code § 202, the wages earned
23 and unpaid at the time of resignation are due and payable not later than 72 hours thereafter.

24 39.  Defendants violated the provisions when they willfully failed to pay Plaintiff the
25 overtime wages and other compensations upon the termination of their employment.

26 40.  Pursuant to Cal. Lab. Code § 203, Plaintiff is entitled to 30 days' wages as a
27 penalty.

28 41.  Pursuant to Cal. Lab. Code § 218.5, Plaintiff is entitled to reasonable attorney's

fees and costs.

**COUNT 6-FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS UNDER CAL. LAB. CODE**

42. Plaintiff re-alleges and incorporates by reference the allegations paragraphs 10 through 18 as though fully set forth herein.

43. Pursuant to Cal. Lab. Code § 226, every employer shall, semimonthly or at the time of each payment of wages, furnish an employee with an accurate itemized statement in writing.

44. Defendants willfully violated this provision when Defendants knowingly and intentionally failed to furnish Plaintiff with accurate itemized wage statements.

45. Pursuant to Cal. Lab. Code §Lab. Code § 226 (e) (2) (A), Plaintiff is deemed to suffer injury for purposes of this provision.

46. Pursuant to Cal. Lab. Code §Lab. Code § 226 (e) (1), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for a subsequent violation, up to an aggregated penalty of four thousand dollars ($4000), and reasonable attorney's fees and costs.

**COUNT-7-FAILURE TO PROVIDE REST AND MEAL PERIODS UNDER CAL. LAB. CODE §§ 226.7 AND 512 AND IWC ORDER 5-2001**

47. Plaintiff re-alleges and incorporates by reference the allegations paragraphs 10 through 18 as though fully set forth hereto.

48. Pursuant to Cal. Lab. Code §§ 226.7 and 512 and IWC order 5-2001, rest periods must be authorized and permitted at the rate of ten (10) minutes for every four (4) hours, and a meal period of not less than thirty (30) minutes every five (5) hours, and employers must pay nonexempt employees an hour of pay at their regular rate for each workday that a rest or meal period is not provided.

49. Defendant failed to authorize and permit plaintiff to have rest periods and meal periods as required by said statutes and order, and Plaintiff is thus entitled to one hour of pay per work day.

## COUNT 8 -UNFAIR COMPETITION UNDER CAL. UCL §§ 17200-17210

50. Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth herein.

51. Cal. Bus. & Prof. Code §§ 17200-17210 (California's Unfair Competition Law ("UCL")) prohibit unlawful, unfair or fraudulent business act or practice.

52. Defendants have committed, and upon information and belief continue to commit, on-going unlawful, unfair or fraudulent business practices within the meaning of the UUCL, including, but not limited to:

    a. Failure to pay minimum and overtime compensation under federal and California law;

    b. Failure to provide accurate and itemized wage statements required by under California law;

    c. Failure to prepare and maintain all records required under California law.

53. The unlawful, unfair or fraudulent business practice described above have proximately caused damages to Plaintiff and to the general public. Cal. Bus. & Prof. Code § 17203 authorizes a court to fashion remedies necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

54. Pursuant to the UCL, Plaintiff is entitled to restitution of unpaid overtime compensation.

55. Pursuant to the UCL, Plaintiff and the general public are entitled to injunctive relief against Defendants ongoing continuation of such ongoing unlawful, unfair or fraudulent business practices.

## PRAYER

WHEREFORE, Plaintiff demand the following for their claims for relief which is more specifically set forth under the various claims:

First Claim for Relief -Unpaid minimum compensation to be determined at the time of trial, and an equal amount of liquidated damages, plus reasonable attorney fees and costs, pursuant to 29 USC § 216(b).

Second Claim for Relief -Unpaid overtime compensation to be determined at the time of trial and in excess of $56,126.60, and an equal amount of liquidated damages, plus reasonable attorney fees and costs, pursuant to 29 USC § 216(b).

Third Claim for Relief-Unpaid minimum compensation to be determined at the time of trial, and an equal amount of liquidated damages plus reasonable attorney fees and costs pursuant to Cal. Lab. Code §§ 1194.2 and 1194.

Fourth Claim for Relief-Unpaid overtime compensation to be determined at the time of trial and in excess of $56,126.60, plus reasonable attorney fees and costs pursuant to Cal. Lab. Code § 1194.

Fifth Claim for Relief-Waiting time penalties to be determined at the time of trial and in excess of $6,579, pursuant to Cal. Lab. Code § 203, and reasonable attorney fees and costs pursuant to Cal. Lab. Code § 218.5.

Sixth Claim for Relief- The greater of all actual damages in an amount to be determined at the time of trial, or an aggregated penalty of four thousand dollars ($4,000), plus reasonable attorney fees and costs, pursuant to Cal. Lab. Code § 226 (e)(1).

Seventh Claim for Relief- two hour of pay per work day, in a total amount to be determined at trial and in excess of $21,101.60.

Eighth Claim for Relief-Restitution and Permanent Injunction, pursuant to Cal. Bus. & Prof. Code § 17203.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their attorney of record, hereby demand trial by jury in this action of all issues so triable.

Dated: August 1, 2014                /s/ X. Young Lai
                                    X. Young Lai, Esq., Attorney for Plaintiff

COMPLAINT