John Chow (SBN 225670)
Johnathon La (SBN 296476)
Tsao-Wu, Chow & Yee LLP
685 Market Street, Suite 460
San Francisco, CA 94105
Tel: (415) 777-1688
Fax: (415) 777-2298
Email:  jchow@tsaochow.com
        jla@tsaochow.com

Attorneys for Defendants General Pot,
Inc., a California Corporation and Dian
Guo Wang, an individual

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LONGBAO YAN<br><br>Plaintiff,<br><br>v.<br><br>GENERAL POT INC., a California Corporation, DIANGUO WANG, an individual, and DOES 1-10<br><br>Defendants. | Case No. <u>3:14-cv-03500 MEJ</u><br><br>**Notice and Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1) anf FRCP 12(b)(6) or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c), or as a Third Alternative, Motion to Set Aside Default Pursuant to FRCP 55(c)**<br><br>Hearing Date: January 29, 2015<br>Hearing Time: 10:00am<br>Judge: Hon. Maria-Elena James<br>Dept: Courtroom B |

PLEASE TAKE NOTICE that on January 29, 2015 at 10:00 am, or as soon thereafter as

this matter may be heard in the above-captioned Court located at 450 Golden Gate Avenue, 15th

Floor, Courtroom B, San Francisco, CA 94102, defendants General Pot, Inc., a California

corporation ("General Pot")  and Dian Guo Wang (erroneously sued as Dianguo Wang,

hereinafter referred to as "Wang" or with General Pot, collectively referred to as "Moving

Defendants"), will move this Court to set aside entry of default on good cause as well as for the

1
Notice of Motion and Motion to Set Aside Default, Motion to Dismiss for Lack
of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant
to FRCP 12(c)- 3:14-cv-03500 MEJ

1   dismissal of the case for lack of subject matter jurisdiction, or in the alternative, for a judgment

2   on the pleadings for lack of subject matter jurisdiction.

3        This motion is made pursuant to Rule 55(c), Rule 12(b)(1), Rule 12(b)(6), Rule 12(c), the

4   Court's inherent equitable powers and on the basis of due process of law. This motion is based

5   upon this Notice, the attached Memorandum of Points and Authorities, Declarations in Support,

6

7   the complete files and records in this action, and upon such oral and documentary evidence as

8   may be allowed at the hearing of this motion.

9        WHEREFORE, Moving Defendants respectfully request that this Court set aside the

10  entries of default entered on September 23, 2014 and November 20, 2014 against General Pot,

11  Inc. and Dian Guo Wang respectively, for good cause and to dismiss this case for lack of subject

12  matter jurisdiction.

13

14

15  DATED: <u>December 22, 2014</u>        By: _____<u>/s/ Johnathon La</u>_____

16                                              _____<u>/s/ John Chow</u>_____

17                                              **Attorneys for Defendants General Pot, Inc.,**
                                                **a California Corporation, and Dian Guo**
18                                              **Wang, an individual**

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion to Set Aside Default, Motion to Dismiss for Lack
of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant
to FRCP 12(c)- 3:14-cv-03500 MEJ

John Chow (SBN 225670)
Johnathon La (SBN 296476)
Tsao-Wu, Chow & Yee LLP
685 Market Street, Suite 460
San Francisco, CA 94105
Tel: (415) 777-1688
Fax: (415) 777-2298
Email:  jchow@tsaochow.com
              jla@tsaochow.com

Attorneys for Defendants General Pot,
Inc., a California Corporation and Dian
Guo Wang, an individual

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LONGBAO YAN | Case No. 3:14-cv-03500 MEJ |
| Plaintiff, | **Memorandum of Points and Authorities in Support of Motions Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c), or as a Third Alternative, Motion to Set Aside Default Pursuant to FRCP 55(c),** |
| v. | |
| GENERAL POT INC., a California Corporation, DIANGUO WANG, an individual, and DOES 1-10 | |
| Defendants. | Hearing Date: January 29, 2015<br>Hearing Time: 10:00am<br>Judge: Hon. Maria-Elena James<br>Dept: Courtroom B |

Definitions in the notice are hereby incorporated.

//

//

//

//

//

1
Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for
Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings
Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I. Introduction………………………………………………………………………...5

II. Statement of Facts and Procedural History……………………………………..…6

III. Standards on Review……………………………………………………………..8

A. Rule 12(b)(1) …………….…………………………………..………………………8

B. Rule 12(b)(6)………………………………………………………………………..8

IV. Legal Argument ……………………………………………………….………...…9

A. This Court lacks subject-matter jurisdiction and should dismiss the case in its entirety …...9

1. Since there is no diversity between the parties, this Court may only have subject-matter jurisdiction if there is a federal issue …………………………...…………………………..…9

2. There are no federal questions because the FLSA is not applicable since there is no commerce involved. …………………………………………………………………10

3. Plaintiff has submitted defective and deceptive pleadings in order to wrongfully compel this Court to exercise authority where none exists in violation of FRCP 12(b)(6) ……**...**…12

4. Moving Defendants' motion is timely since objections to subject-matter jurisdiction are never waived. …………………………………….…………………………………13

B. Without subject-matter jurisdiction, this Court may not exercise its authority over Plaintiff's state law claims through supplemental jurisdiction. …………………………...……14

C. Defaults are generally disfavored and should be set aside whenever possible……………15

1. Substantial good cause exists to support setting aside the entries of default ……………15

a. Moving Defendants did not engage in culpable conduct that led to the entries of default against them ………………………………………………………………………...…..15

b. Moving Defendants have multiple compelling and meritorious defenses to this action ..…17

c. Plaintiff will not be prejudiced by the Court setting aside the entries of default. ……….. 19

V. Conclusion …………………………………………………………………...20

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for
Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings
Pursuant to FRCP 12(c); Memo ISO of Motions – 3:14-cv-03500 MEJ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Cases**

<u>10 E. 40th St. Building, Inc. v. Callus</u>, 325 U.S. 578 (1945) ……………………………………11

<u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006) ……………………………………..……13

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) ……………………………………………………..……8

<u>Barragan v. St. Catherine Hosp.</u>, D.Kan.2004, 339 F.Supp.2d 1141 ……………………………14

<u>Bateman v. United States Postal Service</u>, 231 F.3d 1220 (9th Cir. 2000) ………………………29

<u>Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.</u>, 115 F.3d 767 (10th Cir.1997) ……..15

<u>Falk v. Allen</u>, 739 F.2d 461 (9th Cir. 1984) ………………………………………………….……15

<u>Franchise Holding II, LLC v. Huntington Rests. Group, Inc.</u>, 375 F.3d 922 (9th Cir 2004) …...15

<u>Hawaii Carpenters' Trust Funds v.</u> Stone, 794 F.2d 508 (9th Cir. 1986) ………………………17

<u>Henderson ex rel. Henderson v. Shinseki</u>, 562 U.S. 428 (2011) ………………………………..…13

<u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970 (9th Cir. 2002) …………………….…....9

<u>Johnston v. Spacefone Corp.</u>, 706 F.2d 1178 (11th Cir. 1983) …………………………………11

<u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994) …………………….……8, 9

<u>Lacy v. Sitel Corp.</u>, 227 F.3d 290 (5th Cir. 2000) ………………………………………………19

<u>Land v. Dollar</u>, 330 U.S. 731 (1947) ……………………………………………………………12

<u>Leeson v. Transamerica Disability Income Plan</u>, 671 F.3d 969 (9th Cir. 2012) …………….…10

<u>Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.</u>, 416 F.3d 940 (9th Cir. 2005) …………..9

<u>Mack v. South Bay Beer Distribs., Inc.</u>, 798 F.2d 1279 (9th Cir. 1986) …………………………9

<u>Masden v. Bumb</u>, 419 F.2d 4 (9th Cir. 1969) …………………………………………….…....18

<u>Mitchell v. Lublin, McGaughy & Associates</u>, 358 U.S. 207 (1959) ……………………………11

<u>Overstreet v. N. Shore Corp.</u>, 318 U.S. 125, 128 (1957) ………………………………………10

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for
Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings
Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

<u>Pioneer Investment Services Co. v. Brunswick Associates Ltd.</u>, 507 U.S. 380 (1993) ……..…16

<u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035 (9th Cir. 2004) ……………………..……8

<u>TCI Group Life Ins. Plan, Life Ins. Co. of North America v. Knoebber</u>, 244 F.3d 691 (9th Cir.

2001) …………………………………………………………………………………16, 17, 18

<u>Thornhill Pub. Co. v. General Tel & Elecs. Corp.</u>, 594 F.2d 730 (9th Cir. 1979) ……………8

<u>United States v. Signed Pers. Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085 (9th Cir. 2010)

……………………………………………………………………………………..16, 18, 19

<u>Vasquez v. Los Angeles County</u>,  487 F.3d 1246 (9th Cir. 2007) ………………………………9

<u>Walling v. Jacksonville Paper Co.</u>, 317 U.S. 564, 572 (1943) …………………………………11

<u>Williams v. Life Sav. & Loan</u>, 802 F.2d 1200 (10th Cir.1986) …………………………....…15

**Statutes**

29 C.F.R § 779.103 ……………………..……………………………………………………11

28 USC § 1331 ……………………………………………………….………………………9

28 USC § 1332 …………………………………………………………….…………………9, 10

29 USC § 203(b) ………………………………………………………………………… 10, 11

29 USC § 206(a) …………………………………...………………………………11, 12, 13

29 USC § 207(a)(1) ………………………………………………………………11, 12, 13

**Rules**

Fed. R. Civ. Proc 8(a)(2) ………………………………………………………………………8

Fed. R. Civ. Proc. 12(b)(1) ………………………………………………………...……5, 8

Fed. R. Civ. Proc. 12(b)(6) ………………………………………………………………....5, 8, 9

Fed. R. Civ. Proc. 12(c) ……………………………………………………………… 6

Fed. R. Civ. Proc. 12(h)(3) ……………………………………………………………13, 14

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for
Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings
Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

Fed. R. Civ. Proc. 55(c) …………………………………………………………..5, 6, 14

## I. INTRODUCTION

This action arises from alleged claims of failure to pay minimum wage and overtime wages under California state law and 29 USC § 201 et seq., otherwise known as the Fair Labor Standards Act (FLSA). Plaintiff Longbao Yan's (hereinafter "Plaintiff") entire claim to federal jurisdiction rests upon sections 206 and 207 of the FLSA, both of which require the presence of or effect on interstate commerce. Nowhere in Plaintiff's pleadings does he allege the existence of interstate commerce, instead choosing to simply regurgitate snippets of the FLSA in order to make conclusory allegations that do not meet the well-plead standards of this Court. Beyond the defective complaint, Plaintiff has submitted subsequent pleadings that allege facts wholly contradictory of the complaint, invalidating his own claims in the process. Without the applicability of the FLSA claims, this Court has no jurisdiction over the remaining state claims, both facially and factually.

Despite the lack of jurisdiction, the Court entered an Entry of Default against defendant General Pot, Inc. and defendant Dian Guo Wang. Upon notice of the Entry of Default, Moving Defendants now timely motion the Court to set aside the default for good cause having lack subject-matter jurisdiction pursuant to Fed. Rules of Civ. Proc. 55(c) (hereinafter "FRCP") and to dismiss the case on the same grounds pursuant to FRCP 12(b)(1) and FRCP 12(b)(6). Moving Defendants' motion should be granted because Plaintiff has not met his burden in showing that he is an employee involved in commerce as required by the FLSA.

Alternatively, Moving Defendants respectfully requests that if the Court finds the time in which a motion to dismiss has lapsed, that the Court grant a judgment on the pleadings with

respect to the dismissal of the federal claims pursuant to FRCP 12(c) since the defense for lack of subject matter jurisdiction is never waived and is hereby timely raised. Lastly, as a third alternative, Moving Defendants request that the Court set aside the default pursuant to FRCP 55(c) since defaults are generally disfavored and wherever possible, Courts should allow cases to be heard on their merits, and in this case, even more so since meritorious defenses exist and are presented forthwith.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant General Pot, Inc., is a California Corporation doing business as General Pot, a Chinese restaurant (hereafter "Restaurant") located in Fremont, California. Defendant Dian Guo Wang, is an individual and owner of General Pot, Inc. Moving Defendants' business consists solely of the Restaurant; no franchise, no out of state distribution, not even a website for which orders can be placed. The Restaurant is a single location operation that serves food locally. On or around June 16, 2012 through April 23, 2014, Plaintiff was employed as a chef at the Restaurant until Plaintiff quit of his own volition.

Plaintiff alleges that from June 16, 2012 through November 30, 2012 (hereinafter "Initial Salary Period"), he worked 61.5 hours per week and received a net monthly salary, as orally agreed, in the amount of $2,900.00. Complaint (hereinafter "Compl.") p.6, ¶¶ 13 and 15; Declaration of Plaintiff Longbao Yan In Support of Application for Entry of Default Judgment (hereinafter "Decl. Pl.") p. 1 ¶ 3 and p.2 ¶ 6. Plaintiff further alleges that from December 1, 2013 through April 23, 2014 (hereinafter "Increased Salary Period"), he worked 60.5 hours per week and received a net monthly salary of $3,000.00. Compl. p.6, ¶¶ 14-15. As such, it is alleged that after factoring taxes, Plaintiff was paid a gross salary per month of at least $3,122.82 for the Initial Salary Period, and at least $3,222.82 during the Increased Salary Period. Compl. P. 6 ¶ 16.

However, in Plaintiff's Memorandum of Points and Authorities in Support of Entry of Default Judgment (hereinafter "Plaintiff's Memo"), Plaintiff alters the calculation for gross pay per month received to $3,090.00 for the Initial Pay Period and $3,190.00 for the Increased Pay Period. Plaintiff's Memo (hereainfter "Pl.'s Mem.") p. 3, ¶ 13. Regardless of the inconsistent calculations, even when using Plaintiff's utterly inaccurate and highly disputed claims of hours worked, the amount of gross salary alleged still exceeds California's minimum wage rate of $8.00 per hour.

Employees of the Restaurant were free to take breaks and meals whenever needed, and often did so at their leisure. During the split-shift break period each day, no employees were required to work or stay on the Restaurant's premises. Plaintiff often found himself working during the split-shift break because he was constantly not working during his regular shift and thus not finishing his work on time, unlike other employees. Despite being well compensated for his abysmal and unprofessional work ethic, Plaintiff abruptly quit his position on April 23, 2014, and now contorts the facts in order to extort Moving Defendants.

In Plaintiff's pursuit of his frivolous claims, he initiated a lawsuit in a court that has no jurisdiction over the matter, hoping the Court and Defendants would not recognize this material defect. When Plaintiff's complaint was filed on August 3, 2014, defendant Wang was unable to procure the proper funds to hire counsel. As such, defendant Wang appeared Pro Se and was unaware of his legal rights, and defendant General Pot did not appear at all. On September 23, 2014, the Court granted Entry of Default against defendant General Pot, Inc., and on November 20, 2014, granted Entry of Default against defendant Wang. Now, upon notice of the Entries of Default, Moving Defendants are represented by counsel and heretofore provide good cause to not

only set aside the entry of default, but to dismiss this action for lack of subject matter-jurisdiction.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1)

In analyzing a motion under FRCP 12(b)(1), plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial attack" against the complaint on motion to dismiss for lack of subject-matter jurisdiction requires the district court to assess whether Plaintiff has alleged a sufficient basis for subject-matter jurisdiction, while in a factual attack, the court may consider extrinsic evidence to address factual disputes as necessary to resolve the issue of jurisdiction. Safe Air for Everyone v. Meyer, supra, 373 F.3d at 1039. No presumption of truthfulness attaches to the plaintiff's jurisdictional claims. *See* Thornhill Pub. Co. v. General Tel & Elecs. Corp. 594 F.2d 730, 733 (9th Cir. 1979).

### B. Rule 12(b)(6)

FRCP 8(a)(2) requires a complaint to set forth "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, in order to withstand a motion to dismiss under FRCP 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not survive a motion to dismiss;

8

rather, "only a complaint that states a plausible claim for relief will do. *Id*. at 1949-50. Dismissal of a deficient complaint with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." Livid Holdings, Ltd. v. Solomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); *see also* Vasquez v. Los Angeles County, 487 F.3d 1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did not err in preventing such futility.")

And, though a Rule 12(b)(6) analysis is usually confined to the four corners of the complaint, "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." In re Silicon Graphics Inc. Sec. Litig.., 183 F.3d 970, 986 (9th Cir. 2002) (quoting Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)). Also, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment," Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

## IV. LEGAL ARGUMENT

### A. This Court lacks subject-matter jurisdiction and should dismiss the case in its entirety.

#### 1. Since there is no diversity between the parties, this Court may only have subject-matter jurisdiction if there is a federal issue.

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute and the burden of establishing the contrary rests upon the party asserting jurisdiction (internal citations omitted)." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In order for a court to exercise its authority upon a civil action,

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

the court must have subject-matter jurisdiction under one of two bases: (1) a federal question pursuant to 28 USC § 1331 or diversity jurisdiction pursuant to 28 USC § 1332. "Subject-matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 976 (9th Cir. 2012). Since all parties are residents of California, the parties lack absolute diversity and 28 USC § 1332 is not an option. Therefore, this court may only hear this matter if a federal question exists.

### 2. There are no federal questions because the FLSA is not applicable since there is no commerce involved.

Through its commerce power, the United States Congress enacted the FLSA to regulate minimum wage and maximum hours of work for employees in certain industries. With respect to minimum wage, the FLSA states that "[e]very employer shall pay to each of his employees who in any workweek is *engaged in commerce* or in the *production of goods for commerce*, or is employed in an enterprise *engaged in commerce* or in the *production of goods for commerce*, wages at the following rates . . . (emphasis added)" 29 USC § 206(a). With respect to maximum hours, the FLSA states that

> Except as otherwise provided in this section, no employer shall employ and of his employees who in any workweek is *engaged in commerce* or in the *production of goods for commerce*, or is employed in an enterprise *engaged in commerce* or in the *production of goods for commerce*, for a workweek longer than forty hours unless such employee receives compensation for his employment (emphasis added).

29 USC § 207(a)(1). "Commerce" common element in both statutes and "'means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 USC § 203(b).

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for
Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings
Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

The Supreme Court of the United States (hereinafter "SCOTUS") has stated, "in determining what constitutes 'commerce' or 'engaged in commerce' we are guided by practical considerations." Overstreet v. N. Shore Corp., 318 U.S. 125, 128 (1957). According to the Department of Labor, individual employees are engaged in commerce "when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence)" between states. 29 C.F.R § 779.103. For example, an employee could be engaged in commerce by regularly using mail or the telephone between states, or traveling across state lines. Id. A "substantial part" of the employee's work must be related to interstate commerce. Walling v. Jacksonville Paper Co., 317 U.S. 564, 572 (1943). Thus, the court must focus on Plaintiff's activities, rather than the general nature of his employer's business. See Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207 (1959).

Here, Plaintiff is a chef for a local Chinese restaurant. The employer does not mass-produce goods that are sold across state lines, nor are any goods produced under the meaning of 29 USC § 203. Plaintiff's duties involve preparing dishes, marinating proteins, and cooking food for local patrons. Plaintiff's duties affect interstate commerce no more than a child's lemonade stand, which is to say, no affect at all.  After an extensive and thorough research, Moving Defendants cannot locate any authority to support the imposition of the FLSA upon a local restaurant because no such authority exists. Based on the phraseology chosen by Congress, it is evident that 29 USC §§ 206(a) and 207(a)(1) only apply to employees that are engaged in *commerce*, or in production of goods for *commerce*. Congress's primary purpose in refusing to extend FLSA's coverage to its constitutional maximum was to leave regulation of "local" business to the states. See Johnston v. Spacefone Corp., 706 F.2d 1178, 1182 (11th Cir. 1983);

11
Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for
Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings
Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

10 E. 40th St. Building, Inc. v. Callus, 325 U.S. 578, 582-83 (1945). What could be more local than a single restaurant that only serves patrons that enter its premises? The nature of the Restaurant is the very type of local business that Congress has refused to regulate. There is no justification or logic to impose the FLSA upon Moving Defendants in the total absence of interstate commerce.

3. **Plaintiff has submitted defective and deceptive pleadings in order to wrongfully compel this Court to exercise authority where none exists in violation of FRCP 12(b)(6).**

A mere conclusion of law or a naked conclusory allegation that a federal statute has been violated has no efficacy and is wholly insufficient to confer jurisdiction upon the federal court where such allegation is unwarranted by the asserted facts and is contradictory to well pleaded facts. Land v. Dollar, 330 U.S. 731, 735 fn. 4 (1947). In Plaintiff's complaint, Plaintiff simply cites a portion of 29 USC § 206 and then concludes "Defendants violated this provision when they failed to pay Plaintiff at least minimum wages for all overtime hours worked." Compl. ¶¶ 20-21. Nowhere in Plaintiff's pleadings has he established or even alleged that his duties as a chef at the Restaurant affect interstate commerce. Since no arguments or facts are alleged as to how Plaintiff's duties affect interstate commerce, Moving Defendants are only left to speculate as to Plaintiff's rationale. Furthermore, Plaintiff appears to confusingly allege that the failure to pay overtime wages is in and of itself a failure to pay minimum wages. By misapplying the elements of each claim, Plaintiff essentially argues that an alleged violation of 29 USC § 207 trigger a violation of 29 USC § 206. Such an amalgamated interpretation of the statutes cannot hold legal muster.

Lastly, in a more recent pleading, Plaintiff, through his counsel, cites 29 USC § 206 but conveniently omits substantial portions as to actively deceive the Court and Moving Defendants.

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

On page 4, lines 1-4, Plaintiff's Memorandum in Support of Application for Entry of Default states

> 29 USC § 206 provides in pertinent part: "Every employer shall pay to each of his employees…wages at the following rates…not less than (A) $5.85 an hour, beginning on the 60th day after May 27, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day…[.]

The omission of material portions that state "engaged in commerce or in the production of goods for commerce" and all other mentions of "commerce" can only be interpreted as intentional and misleading. "Commerce" is not a suggestion, but rather an essential element that must be present in order for the FLSA to apply. To omit such key terms is to effectively expand the FLSA to apply to any employee without limitation. Congress intended the coverage of the FLSA to stop somewhere, and it is not Plaintiff's place to bastardize the statute for his own personal gain. A Pro Se defendant would not recognize such deception, but fortunately for Moving Defendants, counsel now represents them and brings this to the Court's attention in the hopes that such unethical pleadings will not be tolerated.

### 4.  Moving Defendants' motion is timely since objections to subject-matter jurisdiction are never waived.

Objections to subject-matter jurisdiction may be raised at any time. A party, even after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011). Additionally, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Id. at 1244-45; FRCP 12(h)(3).

Here, the matter is still in its infancy. No discovery has been propounded, the statute of limitations has not expired, and the amount of resources expended by the Court so far has been minimal. The issue of lack of subject-matter jurisdiction has been raised so early that there is no prejudice to Plaintiff. If the Court finds that Plaintiff cannot proffer evidence of subject-matter jurisdiction and dismisses the case, Plaintiff still has recourse to seek an action against Moving Defendants in state court, the proper forum. As such, Moving Defendants respectfully requests that the Court, on this motion pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) or sua sponte, dismiss this action for lack of subject matter jurisdiction pursuant to FRCP 12(h)(3) since the FLSA is not applicable given the lack of interstate commerce.

**B. Without subject-matter jurisdiction, this Court may not exercise its authority over Plaintiff's state law claims through supplemental jurisdiction.**

In order for federal courts to address state law claims through supplemental jurisdiction, the court itself must have subject-matter jurisdiction. Dismissal of a federal claim for lack of subject-matter jurisdiction precludes a district court from exercising supplemental jurisdiction over related state claims. See <u>Barragan v. St. Catherine Hosp.</u>, D.Kan.2004, 339 F.Supp.2d 1141. As argued above, this Court lacks subject-matter jurisdiction because neither Moving Defendants nor Plaintiff are engaged in interstate commerce as required by the FLSA. Without the two FLSA claims under 29 USC §§ 206(a) and 207(a)(1), there are no federal issues and this Court lacks subject-matter jurisdiction. With no subject-matter jurisdiction, there is no supplemental jurisdiction and the claims based on state law must also be dismissed.

**C. Defaults are generally disfavored and should be set aside whenever possible.**

Motions to set aside an entry of default in civil cases are governed by FRCP 55. FRCP 55(c) provides that for "good cause shown," the court may set aside an entry of default. "[T]he

14
Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for
Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings
Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)." Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp., 115 F.3d 767, 775 n. 6 (10th Cir.1997). The good cause analysis considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir 2004). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Absent extreme circumstances, judgment by default is inappropriate. See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091-1092 (9th Cir. 2010).

Before having to analyze the three factors above, courts have held that a lack of subject-matter jurisdiction constitutes good cause for setting aside an entry of default. See Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202–03 (10th Cir.1986). After all, it is well settled that a judgment is void "if the court that considered it lacked jurisdiction of the subject matter . . . " As such, since the FLSA is not applicable and the court lacks subject-matter jurisdiction, the entry of default against Moving Defendants should be set aside. However, should the Court find that subject-matter jurisdiction does exist; Moving Defendants provide alternative arguments to support good cause to set aside the default.

**1. Substantial good cause exists to support setting aside the default.**

  **a. Moving Defendants did not engage in culpable conduct that led to the entry of defaults against them.**

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

The Ninth Circuit Court has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." <u>TCI Group Life Ins. Plan, Life Ins. Co. of North America v. Knoebber,</u> 244 F.3d 691, 698 (9th Cir. 2001). "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." <u>Id</u>. at 697(emphasis in original) (quoting <u>Alan Newman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). The Ninth Circuit further elaborated that in this context, "intentionally" means that "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'" <u>United States v. Signed Pers. Check No. 730 of Yubran S. Mesle</u>, supra, 615 F.3d at 1092-93 (quoting <u>TCI Group</u>, 244 F.3d at 697.). Furthermore, in analyzing culpability, the Court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. <u>TCI Group</u>, 244 F.3d at 699 (finding defendant's delay in response not culpable because she was grieving the death of her husband and was not familiar with the legal system).

As was explained in *TCI Group,* the approach is consistent with *Pioneer Investment Services Co. v. Brunswick Associates Ltd.,* 507 U.S. 380, 388, 394–95 (1993), "in light of which it is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." <u>United States v. Signed Pers. Check No. 730 of Yubran S. Mesle</u>, supra, 615 F.3d at 1092-93. In <u>Yubarn S. Mesle</u>, The

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

Ninth Circuit determined that Mesle's ignorance of the law and inability to understand correctly his legal obligations was not an unusual occurrence in the case of layman acting without counsel and thus did not constitute culpability. Id. at 1093.

Here, while Defendant General Pot did not appear, Defendant Wang did appear Pro Se and timely filed an answer to the complaint on August 26, 2014. As an unsophisticated Chinese immigrant who barely speaks any English, Defendant Wang was not familiar with the legal process and had no intent of malice or ill will towards the Court. He simply was not aware of the Initial Case Management of any other deadlines or that the answer he filed with the Court did not apply to Defendant General Pot. Had Defendant Wang wished to skirt his legal responsibility in the face of this Court, he would not have appeared at all. Defendant Wang did appear but was unaware that his lone appearance was sufficient with respect to himself and Defendant General Pot, Inc.

Similarly to Yubran S. Mesle, Moving Defendants gained nothing from having Defendant Wang appear while Defendant General Pot did not. The only outcome that such a failure could have earned Moving Defendants is that which was received, a default and potential money damages in a substantial amount.  In contrast, behavior that have been found to be culpable "usually involves conduct by parties that is calculated to help them retain property in their possession, and avoid liability by staying out of court." Id. at 1934. Moving Defendants gained nothing in having entries of default entered against them, as such, there is no culpable conduct.

**b. Moving Defendants have multiple compelling and meritorious defenses to this action.**

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters'

Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Thus, a defendant seeking to set aside an entry of default need only present facts that if true, would constitute a defense. Masden v. Bumb, 419 F.2d 4, 8 (9th Cir. 1969). The burden on the party seeking to vacate a default judgment is not extraordinarily heavy. TCI Group, 244 F.3d at 700. Moving Defendants have the following defenses to this lawsuit:

- This Court lacks subject-matter jurisdiction over this matter and should dismiss this case.

- Plaintiff did not work more than 40 hours, the facts of which can be substantiated through third-party witness testimony.

- Assuming arguendo that between June 16, 2012 through November 30, 2013, Plaintiff did work at 61.5 hours a week, and that during this period, Plaintiff received a gross salary of $3,090.00 as alleged in Plaintiff's Memo, simple math would show that even when using Plaintiff's own numbers, the minimum wage allegedly received by Plaintiff surpasses California's $8.00 minimum:

  61.5 hours ÷ 6 days a week = 10.25 hours average per day
  June 16, 2012 – November 30, 2013 = 76 weeks or 35 pay periods
  10.25 hours x (6 days x 76 weeks) = 4,674 hours
  Monthly gross salary = $3090.00, paid semimonthly
  $3090 ÷ 2 = $1545.00 per pay period
  $1,545 x 35 pay periods = $54,075.00 ÷ 4,674 hours = **$11.57 per hour**

- Using the same method and Plaintiff's numbers for the period from December 1, 2013 – April 23, 2014 would result in an even higher minimum wage rate since Plaintiff allegedly worked less hours but received a pay raised.

//

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

- Nowhere in Plaintiff's pleadings does he provide calculations to support his allegations that he was paid less than California's $8.00 minimum wage.

- The claims of unpaid overtime wages are wrought with fraud and independent third parties will testify that (1) Plaintiff was never required to work during the split-shift break, (2) that he was entitled to take breaks as his discretion, and (3) that Plaintiff often took breaks despite not performing his duties when necessary.

If Moving Defendants prevails on these defenses, the outcome would be contrary to the result achieved by default. Therefore, Moving Defendants has set forth a meritorious defense and satisfies the second good case factor.

### c. Plaintiff will not be prejudiced by the Court setting aside the entries of default.

"There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." <u>Lacy v. Sitel Corp.</u>, 227 F.3d 290, 293 (5th Cir. 2000). Prejudice requires more than merely a delay in the resolution of the case, "rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered." <u>TCI Group</u>, 244 F.2d at 701. For a delay to be prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions." <u>Id</u>. Being forced to litigate on the merits cannot be considered prejudicial because a plaintiff would have had to do so anyway had there been no default. <u>Id</u>. Therefore, the fact that a party may be denied a quick victory is not sufficient to deny relief from entry of default. <u>Bateman v. United States Postal Service</u>, 231 F.3d 1220, 1225 (9th Cir. 2000)

As stated above, this case has only just recently been filed. If the Court chooses to set aside the default, then the case will merely resume as it would had no entry of default been

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

entered. Depending on how the Court resolves the issue of lack of subject-matter jurisdiction, this case may be dismissed and Plaintiff may choose to file in state court, or this case will continue in this Court and discovery shall commence. Either way, Plaintiff will still get his day in court if he chooses to continue to pursue his meritless claims.

Moving Defendants are ready and willing to litigate this lawsuit. Moving Defendants' delay in responding was not culpable, there exists multiple meritorious defenses, and Plaintiff will not suffer from any prejudice if the default is set aside.

### V. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court dismiss the complaint without leave to amend, or grant judgment on the pleadings for lack of subject matter jurisdiction, or as a third alternative, to set aside the defaults against Moving Defendants.

Dated: December 22, 2014          _____/s/ Johnathon La_____

         Attorney for Defendants General Pot, Inc., a California Corporation, and Dian Guo Wang, an individual.

Memorandum of P&As ISO Motion to Set Aside Default, Motion to Dismiss for Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c); Memo ISO of Motions - 3:14-cv-03500 MEJ

John Chow (SBN 225670)
Johnathon La (SBN 296476)
Tsao-Wu, Chow & Yee LLP
685 Market Street, Suite 460
San Francisco, CA 94105
Tel: (415) 777-1688
Fax: (415) 777-2298
Email: jchow@tsaochow.com
        jla@tsaochow.com

Attorneys for Defendants General Pot,
Inc., a California Corporation and Dian
Guo Wang, an individual

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| LONGBAO YAN<br><br>Plaintiff,<br><br>v.<br><br>GENERAL POT INC., a California Corporation, DIANGUO WANG, an individual, and DOES 1-10<br><br>Defendants. | Case No. <u>3:14-cv-03500 MEJ</u><br><br>**[PROPOSED] Order Granting Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative Motion to Dismiss for Failure to State a Claim, or in the Alternative Judgment on the Pleadings, or in the Alternative Motion to Set Aside Entry of Defaults**<br><br>Hearing Date: January 29, 2015<br>Hearing Time: 10:00am<br>Judge: Hon. Maria-Elena James<br>Dept: Courtroom B |

Defendants Motion came for hearing in Courtroom B of this Court on January 29, 2014. Having reviewed and considered the motion and the pleading in support thereof, oral arguments and finding good causes therefore, the Court rules as follows:

IT IS HEREBY ORDERED:

1. Defendants General Pot, Inc.'s and Dian Guo Wang's Motion to Dismiss for Lack of Subject Matter Jurisdiction be granted and the case is hereby dismissed in its entirety; or

2.  Defendants General Pot, Inc.'s and Dian Guo Wang's Motion to Dismiss for Failing to State a Claim be granted and the case is hereby dismissed without leave to amend; or

3.  Defendants General Pot, Inc.'s and Dian Guo Wang's Motion for Judgment on the Pleadings is hereby granted and found in favor of Defendants' or

4.  Defendants General Pot, Inc.'s and Dian Guo Wang's Motion to Set Aside Entry of Defaults against all defendants be granted for good cause shown.

Dated: _____

_____
The Honorable Judge Maria-Elena James
United States Magistrate Judge

[Proposed] Order Granting Motion to Set Aside Default, Motion to Dismiss for Lack of SMjx, or in the Alternative, Motion for Judgment on the Pleadings Pursuant to FRCP 12(c)- 3:14-cv-03500 MEJ