UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONGBAO YAN,<br><br>   Plaintiff,<br><br>   v.<br><br>GENERAL POT, INC., et al.,<br><br>   Defendants. | Case No. 14-cv-03500-MEJ<br><br>**ORDER RE: MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

## INTRODUCTION

Pending before the Court is Defendants General Pot, Inc. and Dian Guo Wang's ("Defendants") Motion to Set Aside Default and Motion to Dismiss. Dkt. No. 21. Plaintiff Longbao Yan ("Plaintiff") filed an Opposition (Dkt. No. 25) and Defendants filed a Reply (Dkt. No. 26). The Court finds this matter suitable for disposition without oral argument and VACATES the January 29, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion to Set Aside Default and **GRANTS** Defendants' Motion to Dismiss for the reasons set forth below.

## BACKGROUND

This action arises from alleged claims of failure to pay minimum wage and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and related California state law claims. Defendant General Pot is a Chinese restaurant located in Fremont, California. Wang Decl. ¶ 5, Dkt. No. 21-1. Defendant Wang is the owner and sole shareholder of the restaurant. *Id.* ¶ 4. Plaintiff was employed at General Pot from June 16, 2012 through April 23, 2014, as a full-time non-exempt chef. Compl. ¶ 10, Dkt. No. 1. He filed the present

1  Complaint on August 3, 2014, alleging eight causes of action: (1) Failure to Pay Minimum Wage
2  under FLSA, 29 U.S.C. §§ 206, 216; (2) Failure to Pay Overtime Compensation under FLSA, 29
3  U.S.C. §§ 207, 216; (3) Failure to Pay Minimum Wage under California Labor Code sections
4  1182.12, 1194, 1194.2, and 1197; (4) Failure to Pay Overtime Compensation under California
5  Labor Code sections 1194, 510, and 515; (5) Failure to Timely Pay Wages Due and Owning Upon
6  Termination of Employment under California Labor Code sections 201-203 and 218.5; (6) Failure
7  to Furnish Itemized Wage Statements under California Labor Code section 226; (7) Failure to
8  Provide Rest and Meal Period under California Labor Code sections 226.7 and 512; and (8) Unfair
9  Competition under California Business and Professions Code sections 17200-17210.  Plaintiff
10 alleges federal question jurisdiction under the FLSA.  Compl. ¶ 1.

11 Plaintiff served General Pot with the summons and complaint on August 18, 2014, and the
12 Clerk of Court entered default against it on September 23, 2014.  Dkt. Nos. 7, 9.  Although Wang
13 filed an Answer on August 26, 2014, he subsequently failed to appear, and the Court directed that
14 default be entered against him.  Dkt. Nos. 6, 14.  The Clerk of Court entered default against him
15 on November 20, 2014.  Dkt. No. 15.

16 On December 8, 2014, Plaintiff filed a Motion for Default Judgment as to both Defendants.
17 Dkt. No. 16.  Defendants responded by filing the present Motion on December 22, 2014.  Dkt. No.
18 21.  In their Motion, Defendants argue that federal question jurisdiction does not exist because
19 Plaintiff's allegations lack the requisite presence of or an effect on interstate commerce.  Mot. at 5.
20 As jurisdiction is lacking, Defendants argue that the Court has no jurisdiction over the remaining
21 state law claims.  *Id.*  Defendants further argue that lack of subject matter jurisdiction constitutes
22 good cause for setting aside an entry of default.  *Id.* at 15.

23 In the alternative, Defendants argue that good cause exists to set aside default because
24 Wang is "an unsophisticated Chinese immigrant who barely speaks any English," and he "was not
25 familiar with the legal process and had no intent of malice or ill will towards the Court.  He simply
26 was not aware of the Initial Case Management of any other deadlines or that the answer he filed
27 with the Court did not apply to Defendant General Pot." *Id.* at 17.  Defendants maintain that
28 Wang "was unaware that his lone appearance was [in]sufficient with respect to himself and

Defendant General Pot, Inc." *Id.*

**DISCUSSION**

**A.     Motion to Dismiss**

Defendants first argue that General Pot is a local Chinese restaurant with no effect on interstate commerce. *Id.* at 11. As such, they maintain that they cannot be held liable under the FLSA because "Plaintiff's duties affect interstate commerce no more than a child's lemonade stand, which is to say, no affect at all." *Id.* In response, Plaintiff argues that the FLSA applies to the restaurant business, regardless of whether a restaurant is local in nature. Opp'n at 13-14.

1.     <u>Legal Standard</u>

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *Kokkonen*, 511 U.S. at 377; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

2.      Application to the Case at Bar

The maximum hour and overtime provisions of the FLSA apply to any employee who "is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207. The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

"Under the FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). For "enterprise coverage" to apply under the FLSA, the enterprise must have (1) "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) "annual gross volume of sales made or business done [of] not less than $500,000." 29 U.S.C. § 203(s). Here, Defendants have submitted evidence that General Pot's annual gross sales were $300,000 in 2013 and $350,000 in 2014. Wang Decl. in Compliance with Court Order Re: Gross Sales ¶¶ 6-7, Dkt. No. 29. As such, enterprise coverage does not apply.

For "individual coverage" to apply under the FLSA, an employee must have been (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a). The definition for individual coverage requires that the employee "is engaged in commerce or in the production of goods for commerce" and is not so broad as to include working on goods or materials that have been moved in commerce by any person. *Id.* Thus, "[t]he occasional service of food to people traveling interstate and the handling of food that was moved interstate is insufficient to establish that the individual employee is engaged in commerce." *Si v. CSM Inv. Corp.*, 2007 WL 1518350, at *3 (N.D. Cal. May 22, 2007) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943) ("So handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not"); *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 525-27 (D. Md. 2006) (waitress at restaurant possibly

4

serving out of state patrons not engaged in commerce); *Lamont v. Frank Soup Bowl, Inc.*, 2001 WL 521815, at *2 (S.D.N.Y. May 16, 2001) (same); *Xelo v. Mavros*, 2005 WL 2385724, at *4-5 (E.D.N.Y. Sep 28, 2005) (same)).

In this case, it is undisputed that Plaintiff was a cook preparing food for customers in a local restaurant. It appears that the restaurant prepared food to be served in the local restaurant, as Plaintiff does not allege that the food later returned to interstate commerce. Thus, while Plaintiff may have handled food that was moved interstate prior to arriving at the restaurant, this does not mean that Plaintiff was engaged in commerce for the purpose of establishing individual coverage under the FLSA. *Si*, 2007 WL 1518350, at *3 (finding that cooks at a local restaurant were not engaged in commerce for purposes of individual coverage under the FLSA); *see also Lopez v. Top Chef Inv., Inc.*, 2007 WL 4247646, at *2 (S.D. Fla. Nov. 30, 2007) (same). Thus, individual coverage also does not apply to Plaintiff's claims.

Based on this analysis, the Court finds that Defendants have met their burden to demonstrate that individual and enterprise coverage under the FLSA do not apply in this case. Accordingly, dismissal of Plaintiff's FLSA claims is appropriate.

**B.      Motion to Set Aside Default**

Having determined that Plaintiff's FLSA claims must be dismissed, the Court next determines whether default should be set aside.

1.      <u>Legal Standard</u>

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The district court has discretion to determine whether a party demonstrates "good cause." *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). In evaluating whether a party has demonstrated good cause, a district court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Whenever

"timely relief is sought . . . and the movant has a meritorious defense," a court must resolve any doubt in favor of setting aside the default. *Mendoza*, 783 F.2d at 945-46. The party seeking to vacate the entry of default bears the burden of demonstrating that these factors favor doing so. *TCI*, 244 F.3d at 696.

2. Application to the Case at Bar

a. *Defendants' Conduct*

The Ninth Circuit Court has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698. Thus, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 697(emphasis in original) (quoting *Alan Newman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). In this context, "intentionally" means that "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'" *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092-93 (quoting *TCI*, 244 F.3d at 697). Further, in analyzing culpability, the Court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. *TCI*, 244 F.3d at 699.

Here, while General Pot did not initially appear, Wang appeared pro se and timely filed an answer to the Complaint on August 26, 2014. However, Wang's primary language is Mandarin Chinese, and he has only a basic grasp of English. Wang Decl. ¶ 2. Dkt. No. 21-1. A review of his declaration shows that Wang was not familiar with the legal process and had no intent of malice or ill will towards the Court or the Plaintiff. Instead, it appears he was not aware that the answer he filed with the Court did not apply to Defendant General Pot, and he was unaware that his appearance was insufficient with respect to himself and General Pot. *Id.* ¶¶ 47-48. Nothing in Wang's conduct suggests the bad faith necessary to find that he intentionally failed to respond in this case. To the contrary, Wang states that he did not have "much money to spend to defend a

lawsuit," but he retained counsel "for the limited scope of negotiating a settlement with Plaintiff's counsel." *Id.* ¶¶ 30-31. After settlement negotiations failed, he believed he had to represent himself in court due to his limited funds. *Id.* ¶¶ 32, 39. Wang states that he believed that he had "filed all the necessary paperwork as required by this Court." *Id.* ¶ 41. Based on this background, the Court cannot find culpable conduct on Defendants' part led to the default. *See Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094 ("the district court erred in finding Mesle's conduct culpable because of his failure to act after being notified of the need to do so, in the absence of any indication that he acted in bad faith.").

### b.     *Meritorious Defense*

Regarding the second factor, as discussed above, dismissal of Plaintiff's FLSA claims is required, as neither individual nor enterprise coverage applies. As such, the Court is unable to enter judgment on these claims. *See United States v. One 1990 GEO Storm*, 106 F.3d 410 (9th Cir. 1997) ("A judgment is void 'if the court that considered it lacked jurisdiction of the subject matter, or [of] the parties or if the court acted in a manner inconsistent with due process of law.'") (quoting *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) ("It is well settled that a judgment is void if the court that considered it lacked jurisdiction of the subject matter. . . . A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside.")).

Further, as to Plaintiff's state law claims, dismissal of a federal claim for lack of subject-matter jurisdiction "precludes a district court from exercising supplemental jurisdiction over related state claims." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996); *see also Ferguson v. Okla. Sec'y of State*, 6 Fed. App'x. 797, 799 (10th Cir. 2001) ("Supplemental jurisdiction, however, can no longer be sustained because of the lack of original federal jurisdiction over the ADA claim."). Thus, with no subject-matter jurisdiction over any of Plaintiff's claims, the entry of default against Defendants is void, and Plaintiff's claims must all be dismissed.

### c.     *Prejudice*

As to the third factor, prejudice requires more than a delay in the resolution of the case;

1  "rather, the standard is whether [Plaintiff's] ability to pursue his claim will be hindered." *TCI*, 244
2  F.2d at 701.  For a delay to be prejudicial, it must "result in tangible harm such as loss of
3  evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions." *Id.*
4  Being forced to litigate on the merits cannot be considered prejudicial because a plaintiff would
5  have had to do so anyway had there been no default. *Id.*  Therefore, the fact that a party may be
6  denied a quick victory is not sufficient to deny relief from entry of default. *Bateman v. U.S.*
7  *Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

Here, Plaintiff filed his case approximately five months ago.  The Court has not issued a case management order and no discovery has taken place.  If the Court sets aside default and dismisses this case, Plaintiff can still pursue his state law claims in state court.  As such, the Court finds that Plaintiff will not suffer prejudice if default is set aside.

## CONCLUSION

Based on the analysis above, the Court finds that it lacks jurisdiction over Plaintiff's claims, and any default entered in this case is therefore void.  Accordingly, the Court **GRANTS** Defendants' Motion to Set Aside Default and **DISMISSES** this case **WITHOUT PREJUDICE** to Plaintiff filing the state law claims in state court.  Plaintiff's Motion for Default Judgment (Dkt. No. 16) is **DENIED AS MOOT**.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: January 13, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge